IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : C.A. 1:15-CV-00814 |
| | : CR. NO. 1:11CR127-01 |
| v. | : |
| | : |
| SEAN DARNELL JEFFRIES | : |
| Defendant | : |

**SEAN JEFFRIES' REPLY TO THE GOVERNMENT'S RESPONSE
TO HIS 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The following is Sean Jeffries' reply to the government's response to his 2255 motion to vacate, set aside or correct sentence.

**I. INCORPORATION BY REFERENCE**

The facts and legal principles set forth in Mr. Jeffries 2255 Motion are incorporated by reference herewith as if set forth at length hereat.

**II. EVIDENTIARY HEARING REQUIRED**

28 U.S.C. 2255 states that a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ... " The Fourth Circuit has said that a district court has "three possible methods, depending upon the facts, for disposition of a 2255 motion: summary disposition, disposition on an expanded record, and disposition after an evidentiary hearing. *Raines v. United States*, 423 F2d 526, 530 (4th Cir.

1970).

Summary disposition is appropriate where "the files and records conclusively show that the prisoner is entitled to no relief." *United States v. Dyess*, 730 F3d 354, 359 (4th Cir. 2013)(holding that "vague and conclusory allegations contained in a 2255 motion may be disposed of without further investigation by the district court"); see also Rule 4(b) of the Rules Governing 2255 Proceedings [hereinafter, "2255 Rules"] ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ... ."). "When [a] district court denies 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F3d 263, 267 (4th Cir. 2007).

Where the record is not conclusive, "there is a permissible intermediate step that may avoid the necessity for an expensive and time consuming evidentiary hearing." *Id*. The court may "proceed by requiring that the record be expanded ... ." *United States v. Pender*, 514 Fed. Appx. 359, 361 (4th Cir. 2013) (vacating "the district court's order and remanding so that the district court can either hold a hearing or otherwise further develop the record before ruling"); Rule 7 of the 2255 Rules("If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion."). The  2255 Rules permit the court to require the authentication of any new materials submitted to the court. Rule 7(a) of the 2255 Rules "[M]aterials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Rule 7(b) of the 2255 Rules.

Even if a court seeks to expand the record, "[t]here will [always] remain ... a category of

petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines*, 423 F2d at 530.

Section 2255(b) mandates hearings for petitions brought thereunder, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ..." Because "resolution on the basis of affidavits can rarely be conclusive" when "the issue is one of credibility," a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Robertson*, 219 Fed. Appx. 286 (4th Cir. 2007), *United States v. Lopez*, 570 Fed. Appx. 291 (4th Cir. 2014).

With respect to representation by Attorney William S. Trivette, the Petitioner has submitted an Affidavit which avers that at a hearing held on May 2, 2011, while in Court for a detention hearing, Mr. Trivette informed him that the government was extending a plea offer of five years on count one and five years on count two. He asked whether the sentences were consecutive or concurrent. He was told the sentences were consecutive. He informed Trivette that he wanted to take the plea to put "this whole ordeal behind me like I did with the recently imposed North Carolina State charges." He alleged that Trivette did not notify the government in a timely manner that he was accepting the plea.

Trivette's Declaration states that he (Trivette) notified AUSA Lisa Boggs that Jeffries wanted to plead guilty to the two counts in the indictment, but did not want to cooperate. It then states that AUSA Boggs rejected this disposition of the case because it believed his culpability was too great to allow him to plead.

Trivette does not explain why he did not advise Jeffries to plead open to the indictment before the government presented its case to the grand jury and obtained a superseding indictment.

Trivette does not dispute Jeffries' claim that he (Jeffries) wanted to pled guilty to the original indictment. He does not dispute the claim that he (Trivette) did nothing to have Jeffries appear and pled guilty to the original two-count indictment.

Trivette does dispute the claim that the government offered Jeffries the chance to plead guilty to the original indictment and a ten year sentence. This is a factual dispute that has to be resolved following an evidentiary hearing.

With respect to Patrick Roberts, Petitioner alleged that he was told that he was now facing a mandatory minimum of 10-Life on the conspiracy and a consecutive five years for the firearm. Petitioner stated that he told Mr. Roberts to accept the plea offer. He alleged that Mr. Roberts left the country and did not get back to him. He was not informed of the results of the plea negotiations.

Patrick Roberts filed an Affidavit stating that Jeffries was changing lawyers because the previous lawyer wanted him to take a plea deal against his wishes.[1] He stated that Petitioner was informed of all plea offers made by the government. He stated that Petitioner was offered a chance to enter a guilty plea without cooperation, but chose not to accept the offer.

Petitioner's Affidavit, which is attached hereto and incorporated by reference herewith, states that Mr. Roberts did not advise him to take a plea offer. It also states that Petitioner had no problem cooperating with the government against Benn because anything he knew had been

---

[1] This statement conflicts with the Affidavit of Petitioner and the Declaration of Trivette, who stated that Petitioner wanted to plead guilty to the original two-count indictment.

revealed by Leonard Williams. The Affidavit states that Mr. Roberts did not give him the information necessary to make an informed choice whether to plead guilty or stand trial.

As a result of the conflict arising from the conflicting Affidavits, the Court must expand the record by holding an evidentiary hearing to decide the true facts. *Raines, supra*.

## III. THE ATTORNEYS' AFFIDAVITS ARE NOT DISPOSITIVE

Affidavits frame the issues for the evidentiary hearing. They may not be used to decide the issues where credibility is involved. The sworn or unsworn testimony of an AUSA may not be considered as a substitute for an evidentiary hearing. *Machibroda v. United States*, 368 U.S. 487, 493-97, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)[AUSA's sworn statements cannot defeat right to evidentiary hearing], *Scott v. United States*, 349 F2d 641 (6th Cir. 1965), *United States v. White*. 366 F3d 291, 300 (4th Cir. 2004)[AUSA's unsworn statements are not evidence], *United States v. Kelly*, 790 F2d 130 (DC Cir. 1986)[unsworn statements by AUSA may not be used as substitute for an evidentiary hearing in connection with a post conviction motion].

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)["Credibility determinations are not the function of the judge; rather, the evidence of the non-movant is to be believed, and all justifiable inferences drawn in his favor." *Anderson,* 477 U.S. at 255].

The reviewing court must evaluate the 2255 motion under the standards governing motions to dismiss made pursuant to Rule 12(b)(6) of the FEDERAL Rules of Civil Procedure. See. *Walker v. True*, 399 F3d 315, 319 note 1 (4th Cir. 2005). Accordingly, the court is required to accept a petitioner's well pleaded allegations as true, and draw all reasonable inferences therefrom in the petitioner's favor. *Conaway v. Polk*, 453 F3d 567, 582 (4th Cir. 2006).

**IV. THE INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING CANNOT BE DIVORCED FROM THE ADVICE GIVEN BY COUNSEL REGARDING THE WRITTEN PLEA AGREEMENT**

The Supreme Court has recognized that plea negotiations are a critical stage, and that the defendant is entitled to effective assistance of counsel during plea negotiations. In *Padilla v.* (2010), a plea offer was set aside because counsel had misinformed the defendant of its immigration consequences. This Court made it clear that "the negotiation of a plea bargain is a critical" stage for ineffective-assistance purposes, Id. at ___, 130 S.Ct. 1473, 176 L.Ed.2d 284, 298., and rejected the argument made by the State that a knowing and voluntary plea supersedes defense counsel's errors. Recently, in *Lafler v. Cooper*, 2012 U.S. Lexis 2322 (2012), the Supreme Court held that ineffective assistance of counsel in connection with communication or explication of a plea bargain is not cured by a subsequent fair trial.

*Roccisano v. Menifee*, 293 F3d 51, 59-60 (2d Cir. 2002) states: the "client is entitled to advice of counsel concerning all aspects of the case, including a candid estimate of the probable outcome...the probable outcome of alternative choices...the maximum and minimum sentences that can be imposed...and when possible, what sentence is likely." *Roccisano* states that the principles articulated in the preceding quotation date back fifty plus years to the case of *Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct. 618, 92 L.Ed. 309 (1948), *United States vs. Day*, 969 F2d 39 (3d Cir. 1992), *Cullen v. United States*, 194 F3d 401 (2d Cir. 1999), *United States v. Carmichael*, 216 F3d 224 (2d Cir. 2000), *Magana v. Hofbauer*, 263 F3d 542 (6th Cir. 2001), *Paters v. United States*, 159 F3d 1043 (7th Cir. 1998), *Julian v. Bartley*, 495 F3d 487 (7th Cir. 2007), *United States v. Peyton*, 12 Fed. Appx. 145 (4th Cir. 2001).

In the case at bar, it is not at all clear what advice the attorneys gave to Petitioner regarding the probable outcome of accepting the written plea offer inasmuch as they did not

understand that the 2009 Sentencing Guideline Manual had to be used to avoid an ex post facto violation.

The Government agrees that the 2009 Guidelines Manual should have been used to compute the advisory sentencing guideline range ("SGR"). It agrees that the Total Offense Level should have been 41 Criminal History Level II.

Assuming for the sake of argument only, that the Government is right and the guidelines as they existed on the date of sentencing were 360-Life, then it is clear that if Petitioner had accepted the plea agreement, he would have received the three (3) level credit for acceptance of responsibility, the Total Offense Level would have been 38, Criminal History II and the Guideline Range would have been 262-327 months.

There was a reasonable probability that Petitioner would have accepted the written plea if the consequences had been explained to Petitioner with the accuracy expected of reasonably well informed practitioners.

## V. RESENTENCING

Petitioner denies that he participated in the offense while on unsupervised probation. It is well settled that the dates in the indictment are mere allegations and may not be used to determine the date the Petitioner joined the conspiracy. Proof that the Petitioner was on unsupervised probation at the time he joined the conspiracy is required to support the allegation that Petitioner's Criminal History is II and not I.

Parenthetically, at the time of resentencing, the Court should consider reducing the Total Offense Level by 2 based on retroactive sentencing guideline amendment 782.

The Total Offense Level would be 39. The Criminal History Category would be I. The Sentencing Guideline Range would be 262-327. The Court should consider granting variance from the SGR.

s/Helen L.  Parsonage
Helen Parsonage
Attorney-At-Law
426 Old Salem Road
Winston-Salem, North Carolina 27010
336/724-2828
FAX: 336/714-3335
Email: hparsonage@emplawfirm.com

s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317
484/771-2000
484-771-2008 (FAX)
Sturmcj@aol.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 31st day of December she served a copy of the reply

to the Government's Response to his 2255 motion using the CM/ECF system on the following

officials:

Lisa Boggs, Esquire
Assistant United States Attorney
Senior Litigation Counsel
United States Attorney's Office
Middle District of North Carolina
101 South Edgeworth Street
4th Floor
Greensboro, North Carolina 27401

s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney-At-Law