IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SEAN DARNELL JEFFRIES, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:19CV656 |
| v. ) | 1:11CR127-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner submitted a document entitled "Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33" [Doc. #386]. However, any such motion based on newly discovered evidence, which Petitioner's filing purports to be, must be filed within three years of a verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). A jury returned a guilty verdict in Petitioner's case on March 5, 2012. Petitioner did not file his current motion until July of 2019, well outside the three-year limit. Therefore, Petitioner cannot proceed under Rule 33.[1]

Nevertheless, Petitioner seeks to attack the conviction or sentence he received in this Court. The proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe

---

[1] The Court also notes that Petitioner's claim would not succeed under the standards applicable for Rule 33 in any event. Petitioner relies on arguments raised by a co-defendant in a § 2255 Motion, but those contentions have since been fully analyzed and rejected. See Recommendation [Doc. #388] as to Alton Benn, 1:15CV760, 1:11CR127-2.

the submission as such a motion. However, the Motion cannot be further processed for the following reason:

1. The Motion is not on the proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion.[2] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.[3]

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

---

[2] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

[3] The Court notes that Petitioner has recently filed a Motion raising claims related to the First Step Act of 2018, which the Court will consider and address separately.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 10th day of February, 2020.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge