IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SEAN DARNELL JEFFRIES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:19CV1187 |
| | ) | 1:11CR127-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Those provisions of the Fair Sentencing Act affected offenses involving cocaine base (crack) under 21 U.S.C. § 841(b)(1)(A), (B), and (C), committed before August 3, 2010. Here, initial screening of Petitioner's filing reveals that Petitioner was convicted of such an offense. Therefore, Petitioner's conviction would be a "covered offense" under the First Step Act. See United States v. Wirsing, 943 F.3d. 175 (4th Cir. 2019).

However, Petitioner's sentencing occurred in 2012, <u>after</u> the August 3, 2010 effective date of the Fair Sentencing Act, and the provisions and thresholds of the Fair Sentencing Act were applied at sentencing, based on a quantity of "280 grams or more" of cocaine base (crack) as to Count 1 in the Superseding Indictment and Jury Verdict [Doc. #43, #109]. In addition, after the granting of a motion filed under 28 U.S.C. § 2255, Petitioner was resentenced in 2018, again under the statutory provisions in effect <u>after</u> August 3, 2010, the effective date of the Fair Sentencing Act. (Resentencing Memo. [Doc. #339, Attach].) Petitioner was resentenced using the version of the United States Sentencing Guidelines in effect in 2009, rather than the version in effect in 2011 which had applied at his original sentencing. However, this was because the amount of drugs involved in Petitioner's case for purposes of the Guidelines meant that his base offense level as calculated under USSG § 2D1.1 was the same in both versions, while other role-related adjustments were lower under the 2009 version and worked to Petitioner's benefit. (<u>Compare</u> Presentence Report [Doc. #339] ¶¶ 71-77 <u>with</u> Resentencing Memo.) Thus, Petitioner's Guidelines range did not change based on the amendments made by the Fair Sentencing Act and he is currently sentenced under the more beneficial version of the Guidelines. Further, the presiding judge at resentencing also applied a two-level downward variance in order to account for a later amendment to USSG § 2D1.1. (Resentencing Tr. [Doc. #370] at 9.) In all respects, the provisions of the Fair Sentencing Act in effect after August 3, 2010 were applied at the sentencing and resentencing. Thus, Petitioner is already sentenced "as if" the Fair Sentencing Act had been in effect at the time he committed his offenses.

The First Step Act specifically contains two express limitations on the application of Section 404(b). Pursuant to the first of those limitations, "even if a sentence involves a covered offense, '[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.'" United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020) (quoting § 404(c)). Here, Petitioner's sentence was imposed in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act at the sentencing and resentencing. Therefore, Petitioner would not be entitled to relief. Moreover, even if that § 404(c) limitation did not expressly preclude relief, the decision whether to grant relief under the First Step Act is within the discretion of the Court. In the circumstances of this case, given the relief already allowed, Petitioner's pending First Step Act motion should be denied in the Court's discretion.

Petitioner also does not appear to raise any separate claim under 28 U.S.C. § 2255, but the Court treated his filing as a Motion [Doc. #402] under that statute for administrative purposes and out of an abundance of caution given that Petitioner seeks to attack the sentence he received in this Court. If Petitioner does seek to raise a claim under § 2255, he should contact the Clerk's Office to obtain the proper § 2255 forms and file his Motion using those forms.[1] The present action should be dismissed without prejudice to him doing so.

---

[1] Because Petitioner's submission is being dismissed without prejudice, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion

3

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed *sua sponte* because the § 404(c) limitation precludes relief, and because relief would be denied in the Court's discretion even if § 404(c) did not preclude relief, without prejudice to Petitioner filing a § 2255 Motion on the proper forms if he seeks to attack his sentence under that statute.

This, the 6th day of July, 2020.

           /s/ Joi Elizabeth Peake
United States Magistrate Judge

---

decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in submitting such a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.